IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3078 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL TODD WILLIAMS, | ) | TENTATIVE FINDINGS ON |
| | ) | OBJECTIONS TO PRESENTENCE |
| Defendant. | ) | INVESTIGATION REPORT |
| | ) | |

    The defendant objects to paragraphs classifying the defendant as a Tier III offender equating to a base offense level of 16. He objects because, being "incapable of appraising the nature of the conduct" does not necessarily equate with being "mentally incapacitated" under Kentucky law. The test is not whether the two alternatives "necessarily equate." The test under 42 § 16911(4) is whether the offense of the sex offender "is comparable to or more severe . . . than engag[ing] in a sexual act with another person if that other person is . . . (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . ." I agree with the U.S. Probation Officer's conclusion that Mr. Williams' conviction in the State of Kentucky is similar to or more severe than the offense enumerated in 18 U.S.C. § 2242. The defendant is a Tier III sex offender for registration requirements. The objection is overruled.

    The defendant objects to paragraph 36 which assesses two points. It appears from that paragraph that a sentence on Count 1 of 12 months probation and $62.50 fine, on Count 2 of 12 months probation and a $970 fine, and a sentence on Count

3 of 12 months probation and a $125 fine, was modified twice–once modified to two days in jail and another time modified to 60 days in jail and the probation revoked and the balance suspended. The concern of the defendant in his objection is that there is no indication in the documentation that Mr. Williams was provided with counsel at the revocation hearings. Opportunity will be given at the time of the hearing before the sentencing for a showing be made by the government that counsel was or was not afforded.

Objection is made to paragraph 37, which shows that on five forgery charges the sentence on each was a 6-year probation and a fine. They later were modified once to a 12-month intensive probation and drug treatment, and thereafter to "60-120 days Probation Detention Center." The government will have the opportunity at the sentencing hearing to add further verification as to the significance of that modification. Whether one point or two should be assessed seems to be the issue.

Williams objects to one criminal history category point assessed in paragraph 42 pursuant to § 4A1.1(e) of U.S.S.G. That provision states "Add 2 points if the defendant committed the instant offense less than 2 years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item." The offense set out in paragraph 39 was counted in the PSR under (a) by adding 3 points in paragraph 39. If 2 points had been added in paragraph 39, 1 additional point could be added under (e), because the instant offense was committed less than 2 years "while in . . . escape status on such a sentence." It does appear that his last imprisonment ended on April 25, 2006, (¶ 39). Paragraph 10 of the PSR says that "Williams stated he moved to

Nebraska in August, 2008, and lived in Nebraska continuously since that date." In his Petition to Enter a Plea of Guilty Williams wrote "from the latter part of 2008 to June 9, 2009, I was in Nebraska without registering . . ." It appears probable that the "Shock Probation" of April 25, 2006, was related to Williams' residence at the Appalachian Teen Challenge work camp in Mercer County, West Virginia, from April 2006 to September 2006 "when he left the camp." (¶ 8 of the PSR). Paragraph 39 indicates that a warrant was issued on November 15, 2006, and remains active. That suggests that Williams was under a "criminal justice sentence, including probation, . . . work release, or escape status" at the very time he committed the crime on his entry into Nebraska in the latter part of 2008. I tentatively find, nonetheless, that no point can be added under (e) of § 4A1.1, because three points already were added for the offense set out in paragraph 39 of the PSR.

 Tentatively, I find Williams has 13 criminal history points, and therefore a Criminal History Category of VI.

 Objections may be made to these tentative findings at the time of the hearing and an opportunity will be available to make further argument and showings by document regarding the criminal history.

 Dated November 17, 2009.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge